| Angelina Suglia | |
|---|---|
| vs. | Div. No. 25115. |
| Eliseo Suglia | |

March 10, 1931.

HAHN, J. This is a petition for divorce based on the grounds of extreme cruelty, neglect to provide and continued drunkenness.

Many witnesses were heard in support of the various grounds alleged in the petition, as well as witnesses disputing and contesting the same. It appears that for some time after the marriage of petitioner and respondent they lived together with petitioner's mother, brothers and sisters, and thereafterwards, jointly with petitioner's brother, respondent bought a certain house, one tenement of which was occupied by petitioner's family and the other by respondent and petitioner and their children. Up to this time petitioner and respondent had both worked and saved enough money to pay for their share of the house and apparently lived contentedly, and their young children were cared for by petitioner's mother so that both petitioner and respondent could work. While the preponderance of the evidence is to the effect that respondent at times, during this period, drank to excess, it was not sufficient to cause the parties to separate or to affect the respondent's earning capacity.

The two families being unable to live together peacefully in said jointly owned house, respondent agreed to sell his interest to a brother of petitioner. It is apparent from the testimony that after naming a price, he hesitated about selling at such price and this caused greater bitterness between the respondent and the members of petitioner's family. Finally, however, the interest of respondent in the house was sold to petitioner's brother and the families separated, and from that time on the case contains a history of quarrels, drinking and cruelty on the part of the respondent. In his feeling of hatred towards petitioner's family, aside from the actual striking of petitioner, respondent gave as little as possible for her support, fearing maybe

that she would give a portion of it to her people. Finally, after dividing a bank acount of substantially $300 between himself and petitioner, respondent left with one of the children for the West, as he says, for the purpose of establishing a home for his family away from petitioner's family. He was gone for over eight months, had obtained a position, but notwithstanding that returned to Providence, where he and petitioner again lived together a few months, until by bringing a suit against petitioner's brother, he precipitated trouble which resulted in the separation of petitioner and respondent as they are at present.

It has been an exceedingly difficult case in which to reach the real basis of the trouble between the parties. It has many elements of non-support, although not for the year called for by the statute. There has been on the part of respondent drunkenness. He at one time after trouble at his home was arrested and pleaded guilty in the District Court the next day to drunkenness.

Taken as a whole, considering the physical violence used by respondent toward petitioner, his practical abandonment of her for eight months, during which time he gave nothing toward her support and sent a letter stating that he wanted a divorce, and his habits of drinking which, according to the weight of the evidence, continued almost from the time of their marriage and more particularly after the separation of the two families, the Court feels that by a preponderance of the evidence the petitioner is entitled to a divorce on the grounds of extreme cruelty and continued drunkenness.

The custody of the minor children of the parties is awarded to the petitioner and she is allowed $14 a week for the support of herself and children.

For petitioner: Joseph Veneziale.

For respondent: Benjamin Cianciarulo.